UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 2:19-cv-00158-JAW

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-4 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-4<br><br>　　　　　　　　PLAINTIFF<br><br>v.<br><br>LEROY W. GILBERT AND CATHY M. GILBERT<br><br><br>　　　　　　　　DEFENDANTS | **ORDER AND JUDGMENT OF FORECLOSURE AND SALE**<br><br>**Title to Real Estate Involved** |

**601 Duck Puddle Road, Waldoboro, State of Maine**
**Lincoln County Registry of Deeds in Book 3585, Page 259**

After a final hearing on damages on February 3, 2020, the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, Defendants having previously been served with the summons and complaint in accordance with the applicable provisions of the Federal Rules of Civil Procedure, and all parties having further been provided notice of this February 3 hearing.

2. That venue is properly had in this Court.

3. That Plaintiff is entitled to judgment as a matter of law.

4. That Defendants, Leroy W. Gilbert and Cathy M. Gilbert, are in breach of the terms of a certain promissory note held by the Plaintiff dated November 2, 2005, (the "Note"), with such breach constituting a default by them, and upon such default, proper notice of default was sent to the Defendants.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Lincoln County Registry of Deeds in Book 3585, Page 259 ("Mortgage").  The Mortgage encumbers real estate located at 601 Duck Puddle Road, Waldoboro, State of Maine ("Property"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of 02/03/2020, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $73,640.22 |
| b. Accrued Interest | $6,183.47 |
| (plus interest at a per diem of $8.11) | |
| c. Pre-acceleration Late Charges | $94.52 |
| d. Escrow Advances | $7,539.31 |
| e. Pro Rata MIP/PMI | $0.00 |
| f. Property Inspection Fees | $307.00 |
| g. Attorney's Fees | $8,338.75 |
| h. Attorney's Costs | $221.97 |
| **Total:** | **$96,325.24** |

Plaintiff is entitled to add any additional attorney's fees and costs incurred in connection with the foreclosure, including any post-judgment attorney's fees and costs, as well as any additional amounts advanced or expended by Plaintiff pursuant to the Note and Mortgage.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff in the amount of $96,325.24, plus accrued interest at the rate of 4.02% per annum, $8.11 per day to the date of entry of judgment, plus interest after judgment at a rate of 7.53% per annum [pursuant to 14 M.R.S.A. § 1602-C].  Further, Plaintiff is entitled to the additional amounts incurred by Plaintiff as described in Paragraph 7 above, including but not limited to attorney's fees and costs, insurance premiums, and real estate taxes;

   b. Defendants: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

>The Bank of New York Mellon, f/k/a The Bank of New York, as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for Novastar Mortgage Funding Trust, Series 2005-4 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4
>c/o Bendett & McHugh, P.C.
>30 Danforth Street, Suite 104
>Portland, ME 04101
>
>Leroy W. Gilbert
>601 Duck Puddle Road
>Waldoboro, ME 04572
>
>Cathy M. Gilbert
>601 Duck Puddle Road
>Waldoboro, ME 04572

10. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of Plaintiff's Affidavit, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendant(s) filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Counts I and II of the Complaint are GRANTED, and if Defendant(s), his/her/their heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after

3

    satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B.  That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C.  That if Defendant(s) fail(s) to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff may in its sole discretion allow, or if Defendant(s) abandon(s) the Property, Plaintiff shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff;

D.  That an execution may issue against Defendants, Leroy W. Gilbert and Cathy M. Gilbert, for any deficiency;

E.  That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendant(s) may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

F.  That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3 and 4, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Lincoln County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage;

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2020